

FILED NOV - 9 2005

ENTERED NOV - 9 2005

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>FOUNTAIN VIEW, INC. et al.,<br><br>Debtors. | **Case No(s).**  LA 01-39678 BB through<br>LA 01-39697 BB;<br>LA 01-45516 BB<br>LA 01-45520 BB; and<br>LA 01-45525 BB<br><br>(Jointly Administered under Case No. LA 01-39678 BB) |
| SKILLED HEALTHCARE GROUP, INC.<br>a Delaware corporation, formerly known as<br>Fountain View, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>ROSAMARIE PARADEZ, as the Administrator and Heir at Law of the Estate of Tranquilino Mendoza,<br><br>Defendant. | **Adversary No.**  LA 05-01906 BB<br><br>**Chapter**   11<br><br>**MEMORANDUM OF DECISION**<br><br>Date:  November 3, 2005<br>Time:  10:00 a.m.<br>Place:  Courtroom 1675 |

This case requires an interpretation of certain provisions of the "Order Confirming Debtor's Third Amended Joint Plan of Reorganization Dated April 22, 2003 and Authorizing Substantive Consolidation" ("Confirmation Order") entered July 10, 2003 and Third Amended

Joint Plan of Reorganization Dated April 22, 2003 ("Plan") which was confirmed herein by reason of that order. The effective date of the Plan was August 19, 2003.

For the reasons stated below, the Court will issue a permanent injunction on the limited terms described herein.

This adversary proceeding was tried before the court on November 3, 2005. The issues were narrowed and all exhibits (after objections were overruled) were admitted into evidence pursuant to the "Jointly Proposed Amended Pretrial Order Pursuant to Local Bankruptcy Rule 7016-1(b)" ("Joint Pretrial Order"). The Court signed the Joint Pretrial Order at the outset of trial. All exhibit numbers referenced herein refer to those identified in the Joint Pretrial Order. With some few lines stricken, as appears on the record, all offered declarations were also admitted into evidence. Between the admitted exhibits and the substantially intact declarations, there appears to be very little that is factually in dispute. What is disputed is the meaning and effect of various provisions of the Confirmation Order and Plan, which are primarily legal issues.

Plaintiff, the reorganized debtor and successor to the consolidated debtors ("Plaintiff"), in its complaint seeks declaratory relief and a permanent injunction against the defendant, Rosamarie Paradez, as the Administrator and Heir at Law of the Estate of Tranquilino Mendoza ("Mendoza"). Plaintiff seeks to prevent Mendoza from proceeding as plaintiff in her complaint as it is currently framed in that certain petition in the 224th Judicial District Court of Bexar County, Texas, styled "The Estate of Tranquilino Mendoza v. Summit Care Corporation, etc. et al" cause no. 99-CI-17411 ("State Court Action"). Plaintiff contends that by reason of the combined effect of the Confirmation Order, Plan and the effect of Texas Revised Civil Statutes article 4590i, known as the Texas Medical Liability and Insurance Improvement Act ("Texas Statute"), there is only one remaining defendant, Fountain View, Inc., which is the successor in interest by substantive

consolidation to the three named corporate defendants in the State Court Action[1]. Plaintiff further contends that by reason of the Texas Statute, since there is only one remaining defendant, there is consequently a cap on amounts awardable by the Texas court of $2.3 million in compensatory and punitive damages.

Plaintiff urges this conclusion because, under the Plan and Confirmation Order, as a consequence of the substantive consolidation of the various Summit entities, all assets and all obligations of each consolidated entity were effectively merged or pooled, and the resulting combined entity was renamed "Fountain View, Inc." Plaintiff further argues that by specific provision of the Plan and Confirmation Order, certain kinds of "duplicative" claims are disallowed in favor of a single recovery for a single claim. Plaintiff contends, therefore, that most of the claims asserted in the State Court Action are duplicative and not allowable.

Conversely, Mendoza claims that her complaint should not be affected; that she is not asserting duplicative claims and that the limitations of the Texas statute do not apply. Mendoza also contends that, irrespective of the substantive consolidation, all three of the corporate defendants in the State Court Action continue to exist as entities so even if the Texas Statute applies, there are three separate caps, not one.

The pertinent provision of the Confirmation Order appears at its paragraph 37:

"As of the effective date, the assets, claims, and affairs of the Debtors and the Estates shall be substantively consolidated. As a result of the substantive consolidation, on the Effective Date, all property, rights and claims of the Debtors and the Estates, and all Claims against the Debtors and the Estates shall be deemed pooled for purposes of

---

[1] Reference is made herein to the "corporate defendants" in the State Court Action although the court recognizes that Summit Care Texas, L.P., dba Comanche Trial Nursing Center, is, in fact, a limited partnership. The distinction between limited partnership and corporation is of no consequence herein.

allowance, treatment and distributions under the Plan. Further, as a result of this substantive consolidation, all claims between and among the Debtors and the Estates shall be cancelled. *Holders of Allowed Claims shall be entitled to only one satisfaction on account of such Claims and any contingent or otherwise duplicative Claims against one or more Debtor based upon claims for which one or more of the Debtors are also liable shall be disallowed.* The substantive consolidation pertains solely to the allowance and treatment of Claims and the distribution of property under the Plan, and shall have no affect upon the corporate structure of the Reorganized Enterprise. Notwithstanding anything to the contrary contained in the Order or the Plan, the entities comprising the Reorganized Enterprise shall constitute separate entities on the Effective Date...." [Exhibit 1, pages 0014-15] (Emphasis added)

The pertinent provision of the Plan is found at its Section IV. A:

> "**A. Substantive Consolidation**
>
> As of the Effective Date, solely for the purposes of the Plan, the assets, claims, and affairs of the Debtors and the Estates shall be substantively consolidated pursuant to Bankruptcy Code section 105(a). As a result of the substantive consolidation, on the Effective Date, all property, rights and claims of the Debtors and the Estates, and all Claims against the Debtors and the Estates shall be deemed pooled for purposes of allowance, treatment and distributions under the Plan and *multiple proofs of Claim on account of any Claim upon which any of the Debtors are co-obligors or guarantors or otherwise may be contingently liable shall without necessity of objection by any party be deemed to constitute a single proof of claim entitled to a single satisfaction from the substantively consolidated Estates in accordance with the terms of the Plan; the duplicative Claims being otherwise*

*deemed disallowed.* Further, as a result of this substantive consolidation, all Claims between and among the Debtors and the Estates shall be cancelled without being entitled to any distribution under the Plan." [Exhibit 1, page 0069] (Emphasis added).

Unfortunately, the language of the Plan and Confirmation Order is not as clear as it might have been as to what precisely is meant by "duplicative claims." Some clarification can be obtained by reviewing what the Court did with respect to similar issues in various other contested matters found at Exhibits 37 through 43, particularly those matters involving motions to lift the injunction resulting from the confirmation order for purposes of liquidating claims in state court which were not resolved by stipulation (Exhibits 37-39). The result in the motion for "Relief from the Automatic Stay..." filed by Richard Sims and others [Exhibit 37] is illustrative. In that matter the Court ruled:

> "The Discharge Injunction is modified to permit the parties to proceed to prosecute in California state court...the Sims Claims solely against Defendant 'Substantively Consolidated Bankruptcy Estates of Fountain View, Inc. and Related Debtors.' Sims may nonduplicatively assert each cause of action asserted in the Complaint solely against Defendant 'Substantively Consolidated Bankruptcy Estates of Fountain View, Inc and Related Debtors." Notwithstanding that prior to the Debtors' substantive consolidation multiple Debtor entities or their respective Estates may have been *jointly, severally or jointly and severally liable to Sims as joint tortfeasors, or by statute or on alter ego, veil piercing, respondent superior or other theories, Sims shall be entitled only to a single satisfaction as to each cause of action* against Defendant "Substantively Consolidated Bankruptcy Estates of Fountain View, Inc. and Related Debtors." (emphasis added) [Exhibit 37, at 0951].

The other contested matters mentioned were resolved on nearly identical terms. From this we derive some degree of further clarity about what are "duplicative" claims which are disallowed under the Plan and Confirmation Order, which we can apply to the case at bar.

Clearly the intent was that claimants receive only one recovery for one claim, and that the amount of recovery could not be multiplied because other related defendant debtors in the Summit group of companies might be jointly or severally liable for the same claim. In the same vein, liability that might attach merely because one entity was the alter ego of the other, or for which the corporate veil between the two might be pierced, or because of a guaranty, or because one entity was answerable for the acts of another under the doctrine of *respondeat superior*, would not by reason of these or similar legal doctrines be allowed to augment the claim beyond a single recovery. In other words, claims which *derive solely* from the fact that several of the debtor entities were related to each other, such as because of a parent/subsidiary relationship or general/ limited partner relationship, or *respondeat superior* relationship, and not because of independent tortious (or other) activity of the related entity, would be disallowed.

The logic of this is clear. The Plan promised 100% recovery of allowed claims. Therefore, unlike the usual pleading practice of naming all conceivably responsible parties under all conceivably applicable theories, in order to reach deep pockets and assure a full recovery, it would be unnecessary under the Plan to seek to attach such liability also to parent companies, partners or co-obligors, because all assets and liabilities are pooled and recovery is therefore assured *from the primary tortfeasor*. Moreover, as argued by Plaintiff, this was a very necessary provision to encourage cooperation from the bankruptcy estates' insurers who could be assured that they would not be expected to pay for duplicative claims, and to avoid the hugely expensive process of trying to litigate all cross claims between separate entities.

It is common in substantively consolidated cases to eliminate inter-entity claims and to provide for disallowance of duplicative and contingent claims. See e.g., *In re Parkway Calabasas, Ltd.*, 89 B.R. 832, 837 (Bankr. C.D. Ca. 1988); *In re Piece Goods Shops Co., L.P.*, 188 B.R. 778, 786 (Bankr. M.D.N.C. 1995). What may not have been anticipated in this case was the possible effect of the Texas statute which creates anew the incentive for Mendoza to try to avoid any limitation of damages by keeping additional entities in the case, or, in the words of the Plaintiff, to "stack the caps". Irrespective of whether our situation was anticipated, the time for Mendoza to object to confirmation and the substantive consolidation has long passed, the Plan is now in effect and the parties are bound thereby under well-established principles of *res judicata*. See e.g., *In re Heritage Hotel Partnership I*, 160 B.R. 374, 377 (9th Cir. BAP 1993).

Moreover, it not clear to the Court how and whether the Texas statute will apply on these facts. Even Plaintiff admits that the effect of the Texas statute among "affiliated" defendants is "controversial and unsettled in Texas." [Plaintiff's Trial Brief, p. 18, n. 10] It is also inappropriate for this Court to instruct the Texas court on Texas law. Rather, this Court will only issue an injunction and declaratory judgment as *minimally necessary* to protect and enforce the discharge injunction and the operative terms of the Plan, and will leave it to the Texas court to determine liability consistent with the terms of the declaratory relief and injunction described below.

The Court has reviewed Mendoza's "Ninth Amended Petition" [Exhibit 4]. Many portions of this Petition would seem to run afoul of the Plan's disallowance of "duplicative claims" as already discussed above. For example, in paragraph 50 it is alleged that the corporate defendants are "jointly and severally responsible" for the injuries described. Insofar as the basis for imposition of liability is "joint" or "several" or "joint and several", it is disallowed. *Only one measure of this damage is permitted*; as to which is the primary alleged tortfeasor, that will be left to the trier of

fact in Texas or to the Texas court, but *only one count is allowed*, irrespective of whether the Texas statute applies. Other allegations appear similarly problematic. The charging allegations are repeated verbatim as to each of the three corporate defendants (see paragraphs 33, 38 and 43). This Court is in no position to determine [because no evidence on this point was offered] which, if any, of the corporate defendants might be responsible for these alleged injuries, or even to determine whether all or some might be responsible for all or part. This is because such a determination will depend on the facts as adduced at trial. Even though some allegations appear problematic, as discussed above, the Court declines to short circuit the trial process or to prejudge what the evidence will show. All this Court can say is that, to the extent that any liability is imposed for reasons other than *that defendant's primary acts, or failure to act*, it is disallowed; this would include under theories such as *respondeat superior*, alter ego, piercing the corporate veil, guarantor or the like. The overarching concept to keep in mind is that Mendoza should only receive compensation for a specific tort *one time*.

Lastly, the Court will not impose upon the Texas court an interpretation of the Texas Statute, or dictate the impact, if any, of the Texas Statute beyond that already stated. This includes whether, under the unique facts of this case, there is reason under the Texas statute to treat the defendants as one or to indulge the fiction that there are three for purposes of capping liability, since the Court notes that the State Court Suit began with three corporate defendants, and the liabilities and assets[2] of all three were assumed into the pool. However, it is clear that, at present, *there is only one surviving entity defendant* by operation of the Plan. The injunction will require that the lawsuit may not proceed until the caption is amended to provide that the corporate

---

[2] This Court is not prepared to say whether the cap, if any applies under the Texas Statute, is an asset, but if so, each of the three corporate defendants separately contributed this as well into the pot. As well, to the extent that any operating licenses existed they also were contributed into the pool.

defendants are now collectively to be described as "Substantively Consolidated Bankruptcy Estates of Fountain View, Inc., as successor to Summit Care Corporation, Summit Care Texas L.P. d.b.a. Comanche Trail Nursing Center and Summit Care Management Texas, Inc." In this regard the Court is not persuaded by Mendoza's argument that there are still three entities before the Texas court because of the language of the Confirmation order which mentions that corporate structure is not affected by the substantive consolidation. Mendoza's argument ignores the immediately preceding language that, *for purposes of determining "allowance and treatment of claims"* [which must be what is at issue at this point in the State Court Action] the substantive consolidation governs. [Confirmation Order, Exhibit 1 at 0015, lines 3-4]

If it is any guidance, the effect of the substantive consolidation is very like a merger (*In re Parkway Calabasas, Ltd.*, supra, at 836-837) and so the Texas court may view this case as analogous to one where the three corporate defendants merged after the events alleged in the petition. The merged entity has all the assets of, and all the non-duplicative liabilities of, the three separate entities, but only with the further qualification as already stated that irrespective of what Texas law might have provided in such a case, duplicate claims (as the Court has tried to further define herein) *are not allowed.*

Plaintiff's counsel shall prepare a form of Judgment and Findings consistent with this memorandum, with either an e-mail attaching the draft as a Word or WordPerfect document, or with a disk containing the draft document.

DATED: *Nov. 9, 2005*

HONORABLE THEODOR C. ALBERT
United States Bankruptcy Judge

NOTICE OF ENTRY OF JUDGMENT OR ORDER

AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST LISTED BELOW:

You are hereby notified that a judgment or order entitled: MEMORANDUM OF DECISION was entered on __NOV 0 9 2005__.

I hereby certify that I mailed a true copy of the order or judgment to the persons and entities listed below on __NOV 0 9 2005__.

Daniel J. Bussel
Michael L. Tuchin
Laura L. Buchanan
Brendt C. Butler
Klee, Tuchin, Bogdanoff & Stern LLP
2121 Avenue of the Stars, 33rd Floor
Los Angeles, California 90067-5061

David Jones
Porter & Hedges, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002

Alan J. Kornfeld
Pachulski, Stang, Ziehl, Young, Jones & Weintraub P.C.
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100

DATED

WENDY ANN WESLEY

By _____
Clerk